867 F.2d 615
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COLT INDUSTRIES OPERATING CORP., Plaintiff-Appellee,
v.
INDEX-WERKE, K.G., HAHN & TESSKY, Defendant-Appellant.
 No. 88-1389.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1988.
 
 Before MARKEY, Chief Judge, RICH and PAULINE NEWMAN, Circuit Judges.
 MARKEY, Chief Judge.
 
 ORDER
 
 1
 Colt Industries Operating Corporation (Colt) moves to dismiss this appeal by Index-Werke, K.G., Hahn & Tessky (Index-Werke) from a final judgment of the United States District Court for the District of Columbia, No. 76-2101 (Flannery, J.) entered March 24, 1988, on the September 29, 1987 mandate of the United States Court of Appeals for the District of Columbia Circuit, in which that court ordered entry of judgment for Colt consistent with the district court's supplementary findings. We grant the motion.
 
 DISCUSSION
 
 2
 Despite the procedural morass out of which the present appeal rises, dismissal is required. The D.C. Circuit's reference to "AFFIRMED" in its January 4, 1984 JUDGMENT was an obvious technical error in light of its express adoption of the district court's August 17, 1982 supplemental findings and conclusions holding the '694 patent invalid for obviousness and recommending that its earlier judgment for Index-Werke be vacated and that judgment be entered for Colt. The failure of counsel to call the court's attention to the error cannot change the nature of the appellate court's January 4, 1984 action which constituted a reversal (albeit mislabeled) of the earlier judgment of the district court. Thus the situation at that stage was not unlike the norm, in which an appellate court has reversed a district court's judgment and the case, absent a grant of certiorari, has ended. That the D.C. Circuit reached its January 4, 1984 judgment without supplemental briefs on the supplemental findings and conclusions is not grist for the mill of this court.
 
 
 3
 Appeal from the October 10, 1979 judgment of the district court was taken on October 31, 1979 and was decided on January 4, 1984. That the D.C. Circuit retained jurisdiction and subsequently granted various motions establishing and staying a briefing schedule, denying a motion to dismiss, and granting a petition for rehearing to the extent of admitting that briefs were not received after receipt of the supplemental findings and conclusion, did not constitute a sub silentio vacating of its January 4, 1984 judgment. If it were appropriate for this court to speculate on the D.C. Circuit's intention on January 4, 1984, any doubt would be dispelled by that court's order of September 29, 1987, wherein the court expressly vacated the original district court judgment in favor of Index-Werke and expressly ordered entry of judgment in favor of Colt. Even a lingering doubt, if any, would be dispelled on December 8, 1987 when the D.C. Circuit refused to grant rehearing, refused to state that it had not decided the issues raised by the supplemental findings and conclusions, and refused to state that Index-Werke is not precluded from filing this appeal.
 
 
 4
 The case was concluded on December 8, 1987. This court is therefore without jurisdiction to entertain this appeal.
 
 Accordingly, IT IS ORDERED THAT:
 
 5
 Colt's motion to dismiss is granted.